**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**                                    **JS-6**

| | |
|---|---|
| William Winfrey, et al., | CV-16-00844 VAP(SPx) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| TIC – The Industrial Company, etc., et al., | |
| Defendant. | |

Before the Court is Plaintiff William Winfrey's ("Plaintiff") Motion to Remand. (Doc. No. 22, "Motion.")  Defendants filed their opposition on March 21, 2016.  (Doc. No. 27, "Opposition.")  Plaintiff filed his Reply on March 28, 2016.  (Doc. No. 30, "Reply.")  The Court has reviewed and considered all papers filed in support of, and in opposition to, the Motion, as well as the evidence adduced at a hearing conducted on April 11, 2016, and for the reasons set forth below, the Court GRANTS the Motion to Remand.

Defendants filed a Motion to Dismiss on February 12, 2016.  (Doc. No. 9.)  Plaintiff filed his amended opposition on January 22, 2016.  (Doc. No. 12.)  Defendants filed their Reply on February 29, 2016.  (Doc. No. 18.)  On March 10, 2016, the parties stipulated to continue the hearing on the Motion to Dismiss to be heard with the Motion to Remand.  (Doc. No. 23.)  Before filing the Motion to Dismiss, Defendants failed to "meet and confer" properly under Local Rule 7-3 which requires the moving party to file a statement that a Conference of Counsel has been held and to identify the date on which it took place.

The Court, in its discretion, will not deny this Motion on that basis, but instead DECLINES to reach the Motion to Dismiss.

## I.    BACKGROUND

Plaintiff filed his Complaint on December 3, 2015.  (See Doc. No. 1, "Complaint.")  In his Complaint, Plaintiff alleges Defendants TIC – The Industrial Company ("TIC"), Kiewit Corporation, and Kiewit Infrastructure West Co. (collectively "Defendants") failed to provide meal periods and rest periods to their employees. (Complaint at 5-6.)  Plaintiff brought an individual action on behalf of himself, and a representative action under the Private Attorneys General Act ("PAGA").  (See generally Complaint.)  Defendants removed this case from the Superior Court of California, County of Los Angeles on February 5, 2016, claiming this Court has jurisdiction.  (See Doc. No. 1.)

## II.    LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §§ 1441 et seq.; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)).  Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states.  See 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could have been filed in federal court may be removed.  28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.  <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S. Ct. 547, 554 (2014).  If a defendant fails to meet the requisite burden of proof, a court must remand for lack of subject matter jurisdiction.

In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  <u>Singer v. State Farm Mut. Auto. Ins. Co.</u>, 116 F.3d 373, 377 (9th Cir. 1997).  "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  <u>Lewis v. Verizon Comm'ns</u>, 627 F.3d 395, 400 (9th Cir. 2010).

## III.   DISCUSSION

Plaintiff contends removal is improper because the amount-in-controversy requirement is not satisfied.  (Motion at 1-4.)  Defendants have failed to prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.  Accordingly, the Motion is GRANTED.

### A.      The Amount-in-Controversy Requirement

As stated above, the Court only has diversity jurisdiction where the parties are completely diverse and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.

Based on the alleged Labor Code violations in the FAC and their attorneys' fees, Defendants contend the amount-in-controversy is "at least $125,350,"[1] assuming the penalties were calculated over 39 pay periods.[2]  (See Removal ¶ 26.) Defendants contend if penalties applied over 26 pay periods the amount-in-controversy is then $83,200.[3]  Defendants also contend that the amount of PAGA penalties would be tripled, as each Defendant would pay PAGA penalties.[4]  (Id. at ¶ 31-33.)  The Court reviews each of Defendants' calculations, in turn, below.

### 1.      Number of Pay Periods

Defendants' Notice of Removal assumes Plaintiff worked for 39 pay periods. (See Removal ¶ 26.)  This calculation relies on an unsubstantiated claim that Plaintiff worked during all 39 pay periods within the statute of limitations period. The Court finds that such an assumption is unduly speculative.  See Andersen v.

---

[1] In their opposition, Defendants inflated this amount to $183,192.50 or $225,692.50.  (Opposition at 22.)

[2] Calculated as follows: $7,700 (Penalties under § 210) + $38,250 (Penalties under § 226.3) + $7,700 (Penalties under § 558(a)) + $500 (Penalty under § 1174.5) + $9,600 (Penalties under § 1197.1) + $61,600 (Penalties under § 2699(f)) = $125,350.

[3] Calculated as follows: $5,100 (Penalties under § 210) + $25,250 (Penalties under § 226.3) + $5,100 (Penalties under § 558(a)) + $500 (Penalty under § 1174.5) + $6,350 (Penalties under § 1197.1) + $40,800 (Penalties under § 2699(f)) = $83,200.

[4] On March 2, 2016, the parties jointly stipulated to dismiss Defendants Kiewit Infrastructure West, Co. and Kiewit Corporation from this case with prejudice.  (Doc. No. 21.)  The Court finds Defendants could not cite authority for the proposition that PAGA penalties should be multiplied for each Defendant.  Accordingly, the Court disregards this argument.

The Schwan Food Company, No. C 13-2362 PJH, 2013 WL 3989562, at *5-6 (N.D. Cal. Aug. 2, 2013) (finding defendant's assertion that violations occurred over every pay period in a year were unsubstantiated and speculative).  Plaintiff has also rebutted this assumption by providing evidence he worked for only 12 pay periods. (Motion at 5; Declaration of William Winfrey at ¶ 3.)

Defendants also assume a 100% violation rate across all pay periods.  The Court declines to make such an assumption.  See Roth v. Comerica Bank, 799 F. Supp. 2d 1107, 1119-20 (C.D. Cal. 2010) (finding that allowing defendants to rely on unsupported assumptions of 100% violation rates improperly shifts the burden to plaintiff to refute speculative assertions of jurisdiction).

Plaintiff also has provided evidence refuting Defendants' assumption that there was a 100% violation rate across all pay periods.  In particular, Defendants' Notice of Removal also assumed a 100% violation rate across all pay periods for violations of California Labor Code §§ 201, 202, and 203, which Plaintiff refutes.  Plaintiff contends Defendants violated §§ 201 and 203 only during three periods, and provided evidence refuting the 100% violation rate for these sections.  (Motion at 5; Declaration of William Winfrey at ¶ 3.)  Plaintiff notes there were no violations of § 202 during the class period, and even assuming a 100% violation rate, contends the maximum amount of penalties for Plaintiff's individual claims total $31,700 for the 12 pay periods.[5]  As Defendants have not put forth evidence showing there was a 100% violation rate, the Court declines to make that assumption.

---

[5] Calculated as follows: $2,300 (Penalties under § 210) + $11,250 (Penalties under § 226.3) + $2,300 (Penalties under § 558(a)) + $500 (Penalty under § 1174.5) + $2,850 (Penalties under § 1197.1) + $12,500 (Penalties under § 2699(f)) = $31,700.

### 2.       Overtime Penalties

Plaintiff seeks to recover all unpaid overtime compensation owed pursuant to California Labor Codes § 558(a), stating that he and other employees were forced "to work off the clock . . . [and] to work through meal breaks."  (Complaint at ¶ 19.) Defendants claim such allegations put, total, $3,000 – $4,500[6] in controversy, assuming a violation rate of "three hours of unpaid overtime per week," and two thirty minute unpaid meal periods.  (Removal ¶ 33-34.)

Defendants failed to put forth any evidence supporting a violation rate of three hours of overtime per week, and two missed meal breaks per week.  Although Defendants base their estimation on (1) Plaintiff's assertion that they worked overtime during the relevant time period (See Removal ¶ 33-34), and (2) Plaintiff's allegation that Defendants employed a policy of wage abuse (See id. at ¶ 33), courts have found similar bases insufficient to support a defendant's assumption regarding overtime violations.  See Smith v. Diamond Resorts Mgmt, Inc., No. 15-2477-VAP, 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016) (collecting cases); Nolan v. Kayo Oil Co., No. C 11-00707 MEJ, 2011 WL 2650973, at *4 (N.D. Cal. July 6, 2011) ("Simply assuming that every employee . . . worked at least one hour of overtime a week, without some facts or evidence to support these assumptions, is insufficient to meet Defendant's evidentiary burden."); Ray v. Nordstrom Inc., No. 2:11-cv-07277-JHN (CWx), 2011 WL 6148668, at *3 (C.D. Cal. Dec. 9, 2011) (finding Plaintiff's

---

[6] Calculated as follows: 26 weeks x 1 hour unpaid rest x $21.000 per hour + 26 weeks x 3 hours of overtime per week x $21.00 per hour x 1.5 or 39 weeks x 1 hour unpaid rest x $21.000 per hour + 39 weeks x 3 hours of overtime per week x $21.00 per hour x 1.5.

allegation that Defendant "failed to pay all California hourly employees at least some regular and overtime hours" insufficient to support Defendant's assumption that "purported class members missed . . . one hour of overtime pay per pay period") (internal quotation marks omitted); <u>Roth</u>, 799 F. Supp. 2d at 1119-20 ("More significantly, defendants' calculation admittedly rests on the speculative assumption that every class member was denied three to five hours of overtime pay ever week.").

The Court acknowledges that other district courts have found to the contrary. <u>See</u>, <u>e.g.</u>, <u>Wilson v. Best Buy Co., Inc.</u>, No. 2:10-cv-3136-GEB-KJN, 2011 WL 445848, at *2 (E. D. Cal. Feb. 8, 2011) (finding Plaintiff's allegation he worked overtime "[d]uring the relevant time period" sufficient to support defendant's assumption that each class member was denied one hour of overtime pay per week (internal quotation marks omitted)). The Court is unpersuaded by such cases primarily because "[a]s the employer, Defendant[s] ha[ve] access to employment and payroll records that would allow [them] to provide more accurate figures," rather than mere estimations. <u>See</u> <u>Nolan</u>, 2011 WL 2650973, at *5. Defendants have failed to show how often Plaintiff performed overtime work, and the Court will not rely on Defendants' speculation in determining the amount-in-controversy.

### 3.      Attorneys' Fees

Defendants calculated attorneys' fees in this case would reach $35,000 to $77,500 by the completion of this case. (Removal ¶ 38-40.) While courts in the Ninth Circuit have considered potential attorneys' fees in calculating the amount in controversy in wage-and-hour cases, Defendants' fees estimate is based on conjecture and should be disregarded. The proper measure of attorney's fees are

those accrued at the time of removal.  <u>Haase</u>, No.  2.09 CV 01751 MCE GG, at \*4;
see <u>Green v. Party City Corp.</u>, No. CV-01-09681 CAS, 2002 WL 553219, at \*2 fn. 3
(Apr. 9, 2002); <u>Fuller-Morgan v. International Paper Co.</u>, No. EDCV 15-02086-VAP
(KKx), 2015 WL 7853810, at \*3 (C.D. Cal. Dec. 2, 2015); <u>see also</u> <u>Meritcare, Inc. v.
St. Paul Mercury Ins. Co.</u>, 166 F.3d 214, 217-18 (3d Cir. 1999); <u>see also</u> <u>Haase v.
Aerodynamics Inc.</u>, No. 2.09 CV 01751 MCE GG, 2009 WL 3368519, at \*4-5 (E.D.
Cal. Oct. 19, 2009); <u>Fortescue v. Ecolab Inc.</u>, No. CV 14-0253 FMO (RZx), 2014
WL 296755 (C.D. Cal. Jan. 28, 2014); <u>Lewis v. Chubb & Son Inc.</u>, No.  CV 15-5988
FMO ( JPRx) (C.D. Cal. Aug.  31, 2015).  As of the filing of the Motion, Plaintiff's
attorneys have filed the Complaint, the Motion to Remand, and opposed the Motion
to Dismiss.  This is unlikely to amount to $35,000 in attorneys' fees.

The parties discuss whether the share of the penalties the California Labor &
Workforce Development Agency ("LWDA") receives should be included in
calculating the amount-in-controversy. Plaintiff contends that 75% of the $31,700
amount should not be included in the amount-in-controversy as that share is allotted
to the LWDA. (Motion at 4.)  <u>See</u> Cal. Lab. Code § 2699(l) ("[C]ivil penalties
recovered by aggrieved employees shall be distributed as follows: 75 percent to the
Labor and Workforce Development Agency for enforcement of labor laws and
education of employers and employees about their rights and responsibilities under
this code, to be continuously appropriated to supplement and not supplant the
funding to the agency for those purposes; and 25 percent to the aggrieved
employees.").  Given Defendants' failure to show the amount-in-controversy has
otherwise been met, the Court declines to reach this question.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS the Motion and REMANDS this action to the Superior Court of the State of California for the County of Los Angeles.

**IT IS SO ORDERED.**

Dated:   4/19/16

_____

Virginia A. Phillips
United States District Judge